## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PENSION PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PROFIT SHARING PLAN, ELECTRICAL WORKERS JOINT APPRENTICESHIP AND TRAINING TRUST FUND, and LABOR MANAGEMENT COOPERATIVE COMMITTEE<br>1719 Spring Garden Street<br>Philadelphia, PA 19130,<br><br>and<br><br>LOCAL UNION 98 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS<br>1701 Spring Garden Street<br>Philadelphia, PA 19130,<br><br>*Plaintiffs*,<br>v.<br><br>ELEY ELECTRICAL CONTRACTORS, LLC<br>6345 East Valley Green Road<br>Flourtown, PA 19031,<br><br>and<br><br>JAME ELEY<br>c/o Eley Electrical Contractors, LLC<br>6345 East Valley Green Road<br>Flourtown, PA 19031<br><br>*Defendants*. | CIVIL ACTION<br>NO. |

## COMPLAINT

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f), and §301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(c).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, and the LMRA, 29 U.S.C. §185(a), because all Plaintiffs have offices in the Eastern District of Pennsylvania and the breach occurred in the Eastern District of Pennsylvania.

**PARTIES**

3. At all times relevant hereto, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 98 Health & Welfare Fund (hereinafter the "Health Plan"), International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan (hereinafter the "Pension Plan"), International Brotherhood of Electrical Workers Local Union No. 98 Profit Sharing Plan (also known as the Local Union 98 Deferred Income Plan) (hereinafter the "Profit Sharing Plan"), and Electrical Workers Joint Apprenticeship and Training Trust Fund (hereinafter the "Apprenticeship Fund") (hereinafter collectively the "Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

4. At all times relevant hereto, Plaintiff Labor Management Cooperative Committee (hereinafter "LMCC.") is a joint labor-management cooperation committee created pursuant to

Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. §175(a), and Section 302(c)(9) of the Labor Management Relations Act, 29 U.S.C. §186(c)(9).

5. At all times relevant hereto, Plaintiff Local Union 98 of the International Brotherhood of Electrical Workers (hereinafter "Local 98") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of certain employees of Defendant Eley Electrical Contractors, LLC who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12). The Union brings this action to collect unremitted dues and to enforce the deductions required by the collective bargaining agreement.

6. Plaintiffs maintain their principal place of business and are administered from offices listed in the caption which are located in the Eastern District of Pennsylvania.

7. Defendant Eley Electrical Contractors, LLC (hereinafter the "Company" or "Employer") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11), and (12) which maintains the business address listed in the caption.

8. Defendant James Eley ("Eley") is the President and owner of the Employer with control over the assets of the Employer. Eley maintains a business address listed in the caption.

9. As of January 28, 2014, as a result of the execution of a letter of assent, the Company was a party to a collective bargaining agreement with Local 98, whereby it agreed:

    (a)    to deduct contractual deductions from the paychecks of employees covered by the collective bargaining agreement and to remit those amounts to the Union or individual employees;

  (b)  to make contributions as required by the collective bargaining agreement to the Plaintiffs;

  (c)  to file monthly remittance reports with the Plaintiffs listing all employees for whom contributions were due under the collective bargaining agreement and the total number of hours each such employee worked during that month;

  (d)  to produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds; and

  (d)  to pay liquidated damages and all costs of litigation, including attorneys' fees, expended to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations as described in subparagraphs (a), (b), or (c).

A true and correct copy of the Local 98 collective bargaining agreement, including the signed letter of assent, is attached hereto as Exhibit A. The signed letter of assent appears on the last page of that document.

  10.  Pursuant to Article III, Section 3.09(b), of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B), any contribution that is not received by its due date is charged interest at the Internal Revenue Service rate. Exhibit A, pp. 11-12.

  11.  Pursuant to Article III, Section 3.09(b), and 29 U.S.C. §1132(g)(2)(C), late payments are also charged liquidated damages equal to ten percent (10%) of the principal delinquency. Exhibit A, p. 12.

## COUNT ONE
## Plaintiffs v. Eley Electrical Contractors, LLC

12. The above paragraphs are incorporated herein by reference as though duly set forth at length.

13. In 2017, Plaintiffs conducted a payroll audit to determine if the correct amounts were reported and paid by Company for the period between January 1, 2014, and May 31, 2017.

14. The audit determined that a total of $161,843.28 in underreported principal contributions were owed for the audit period. A true and correct copy of the audit report is attached hereto as Exhibit B.

15. As of June 9, 2017, those principal delinquencies accrued $7,103.14 in interest, and $16,179.79 in liquidated damages. Exhibit B.

16. Despite notice of the foregoing amounts, the Company has failed and refused to pay.

17. By not payment the amounts owed the Company violated the collective bargaining agreement, which is actionable under the LMRA and ERISA.

18. Pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B) the Company owes additional interest on the delinquent principal that has and will accrue after June 9, 2017.

19. In addition to the principal, interest, and liquidated damages set forth above, Defendant Company owes to Plaintiffs attorneys' fees and costs of litigation, pursuant Article III, Section 3.10(3)(a) of the collective bargaining agreement (Exhibit A, p. 12) and 29 U.S.C. §1132(g)(2)(D).

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment in favor of the Plaintiffs and against the Defendant Company in the amount of $161,843.28 for unpaid principal contributions, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(2) Enter judgment in favor of the Plaintiffs and against the Defendant Company for $7,103.14 in interest, plus such additional interest that accrues after June 9, 2017, calculated at the I.R.S. rate, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B);

(3) Enter judgment in favor of the Plaintiffs and against the Defendant Company for $16,179.79 in liquidated damages, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(4) Enter judgment in favor of the Plaintiffs and against the Defendant Company for attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D); and

(5) Grant any other further relief the court finds just and proper.

## COUNT TWO
### Funds v. James Eley

20. The above paragraphs are incorporated herein by reference as though duly set forth at length.

21. Section 2(b) of the Health Plan's Trust Agreement, as amended on July 28, 2004, states as follows:

> Title to all monies paid into said Fund shall be vested in the Trustees of the Fund, in trust as of the date the employer's obligation to contribute arises.

A true and correct copy of the Health Plan's Trust Agreement's July 28, 2004 amendment is attached hereto as Exhibit C.

22. Article IV, Section 4.1(d) of the Pension Plan's Trust Agreement, as amended on January 3, 2008; Article III, Section 3.1(d) of the Profit Sharing Plan's Trust Agreement, as

amended on January 3, 2008; and Article IV, Section 4.1(d) of the Apprenticeship Plan's Trust Agreement, as amended on January 3, 2008, each state as follows:

> Title to and possession of all monies which are contributions to be paid into the Fund shall be vested in the Trustees of the Fund as of the date the Covered Employer's obligation to contribute arises.

True and correct copies of the January 3, 2008 Amendments to the Pension Plan, Profit Sharing Plan, and Apprenticeship Plan are attached hereto as Exhibits D, E, and F respectively.

23. Pursuant to the Agreement and Declaration of Trusts governing each of the Plaintiff Funds, the title to and possession of all monies which are contributions to be paid into the Funds are vested in the Trustees of the Funds as of the date the employer's obligation to contribute arises.

24. Once employees of the Company performed bargaining unit work, the monies due to the Funds became an asset of the Funds upon the date such amounts became due pursuant to the collective bargaining agreement.

25. At all relevant times, Defendant Eley has been and is the principal officer of the Defendant Company. In this capacity, Defendant Eley was ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the Plaintiffs. In this capacity, Defendant Eley exercised control over the disposition of money that became a plan asset immediately upon the date the Company's obligation to contribute arose.

26. Based on the functions that Defendant Eley performed, he individually maintained both formal and practical authority to direct that proper fringe benefit contributions be paid to the Plaintiffs at all times relevant hereto.

27. Based on the functions Defendant Eley performed, he exercised authority and control over the management and disposition of certain Trust Fund assets.

28. As a result of exercising control and management over Trust Fund assets, Defendant Eley is a fiduciary under ERISA.

29. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries... for the exclusive purpose of... providing benefits to [them]." 29 U.S.C. §1104(a)(1).

30. A fiduciary who uses Trust Fund assets to satisfy other personal or business obligations breaches the fiduciary duty under ERISA.

31. Because Defendant Eley willfully and intentionally used Trust Fund assets contained within his personal accounts and the accounts of Defendant Company for purposes other than the exclusive purpose of providing benefits to the Trust Fund participant and beneficiaries, Defendant Eley breached his fiduciary duty.

32. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary..." 29 U.S.C. §1109(a).

33. Defendant Eley is personally liable for the portion of the principal contributions, and interest and liquidated damages attributed thereto, due to the Health Plan, Pension Plan, Profit Sharing Plan and Apprentice Fund under ERISA, jointly and severally with the Defendant Company.

WHEREFORE, Plaintiffs ask that the Court:

> (1) Declare that James Eley is a fiduciary of the Plaintiff Funds by virtue of his exercise and control of plan assets and James Eley be found in breach of his fiduciary duties;

8

(2) Enter judgment against James Eley holding him liable, jointly and severally, with Defendant Company, for the portion of the principal delinquency due to the Plaintiff Funds, as well as the interest, liquidated damages and attorneys' fees and costs on said amounts as found to be owed by Defendant Company in this matter; and

(3) Grant any other further relief the court finds just and proper.

**CLEARY, JOSEM & TRIGIANI LLP**

BY: _____
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099
jmeyer@cjtlaw.org

DATED: July 28, 2017